A retired United States Air Force Officer, Joyce Ray Fisher (Joyce), and his spouse, the plaintiff, Patsy Sims Fisher (Patsy), came to a parting of the ways and were divorced July 1,1975, by a court of the State of Texas. In its decree, it found they had agreed upon a division of their community property, which it approved. The agreement provided that Patsy should receive Joyce’s entire monthly retirement check until she remarried, an event not stated to have yet occurred. Until 1980 she received the check physically, and by writing her name as an endorsement with and under her former spouse’s, she was able to cash it and enjoy its entire proceeds. In 1980, by some unexplained *910 procedure, Joyce stopped this and has resumed receiving his retirement annuity. Patsy sued him in the United States District Court for the Northern District of Texas, naming the United States as co-defendant. The district judge determined that as between Patsy and Joyce, Patsy should receive the annuity, with which Joyce must not interfere, but as regards the United States, the district court lacked jurisdiction because the claim exceeded $10,000, the Court of Claims had exclusive jurisdiction, and, therefore, justice required transfer of the case to the Court of Claims. Patsy amended her complaint, requesting this court to decree payment of the annuity to her from 1980, apparently from the date of diversion by Joyce. Defendant moves ostensibly to dismiss, but its use of documentation makes the motion actually one for summary judgment, and we so treat it. Patsy has not responded and the time for doing so has expired.
The motion relies mostly on McCarty v. McCarty, 453 U.S. 210 (1981). This case, on an appeal from a decision of a California court, holds that the United States Government’s military retirement system preempts state community property laws, the congressional intent being that only the serviceman or woman, or the beneficiary designated as federal law provides, shall have entitlements in military retirement annuities. Any exceptions have to flow from legislative recognition by Congress itself. Thus, in dictum, the court points out 42 U.S.C. §659 and ff (Supp. IV 1980) as an example of a congressionally sanctioned entitlement. This section consents to legal process against the United States to enforce against an individual his obligation to provide child support or make alimony payments. It expressly includes members of the armed forces. We may assume arguendo, therefore, that Congress has consented to attachment or garnishment of airmen’s retirement annuities for the purposes indicated. However, §662 expressly defines "alimony” to exclude payments or transfers of property in compliance with any community property settlement. It seems to follow that §659 has no application to rights flowing from the agreement between Joyce and Patsy and the state court decree affirming the same. These *911 rights, whatever they are, remain subject to the broad holding of McCarty v. McCarty.
Defendant appears to be correct in viewing Patsy’s suit to be unconsented so far as it concerns the United States. It follows that we lack subject matter jurisdiction. United States v. Testan, 424 U.S. 392 (1975). This view makes it unnecessary to consider whether Patsy has, in view of McCarty v. McCarty, any surviving right to enforce the property settlement agreement respecting the annuity as a matter of substantive law. No other party but the United States is before us, and we express no opinion as to such other party’s rights or duties.
Accordingly, on defendant’s motion to dismiss, treated as a motion for summary judgment, on the pleadings and briefs, but without oral argument, we determine that this court has no subject matter jurisdiction of the instant action. Plaintiffs petition is therefore dismissed.
Plaintiffs motion for rehearing was denied May 25,1982.